UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RODOLFO ERNESTO RODRIGUEZ-MAGALLON, | ) ) ) | Civ. 11-4036-KES |
| Petitioner, | ) ) | |
| vs. | ) ) ) | ORDER DIRECTING FORMER COUNSEL TO PROVIDE AFFIDAVITS |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

Petitioner, Rodolfo Ernesto Rodriguez-Magallon, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Rodriguez-Magallon argues that he received ineffective assistance of counsel when his attorney failed to advise him of the immigration-related consequences of a guilty plea as required by *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Rodriguez-Magallon pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). CR. 09-40093. He was sentenced to a term of 77 months' imprisonment. The United States now moves for an order directing trial counsel to submit an affidavit specifically addressing Rodriguez-Magallon's ineffective assistance of counsel claim.

The disposition of a motion filed by a prisoner pursuant to § 2255 is governed by the Rules Governing Section 2255 Proceedings ("§ 2255 Rules"). Rule 4 of the § 2255 Rules authorizes a district court to order the United States Attorney to respond to a § 2255 motion where it is not dismissed

following a preliminary review. Rule 4, § 2255 Rules. Among other things, the United States must "address the allegations in the motion." Rule 5, § 2255 Rules.

When a § 2255 movant alleges ineffective assistance of counsel relating to certain decisions made during trial and direct appeal, the United States is often unable to discern an explanation from the existing record. The court is authorized to direct the parties to expand the record to include "answers under oath to written interrogatories propounded by the judge[]" and "[a]ffidavits[.]" Rule 7(b), § 2255 Rules. This procedure appears to be more expeditious than engaging in broader, more formal discovery by leave of court. See Rule 6, § 2255 Rules.

Here, Rodriguez-Magallon alleges his trial counsel was ineffective for failing to advise him of the deportation consequences of a guilty plea to the charge of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). The attorney-client privilege is waived when "a client calls into question the competence of his attorney[.]" *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). A brief affidavit of trial counsel as to this specific claim of ineffective assistance of counsel raised by Rodriguez-Magallon would allow the United States to provide a more complete response and, ultimately, assist the court in its determination of the motion. Such a practice seems efficient and cost effective, rather than engaging the discovery rules set out in the

Federal Rules of Civil Procedure. Additionally, this practice would not violate defense counsel's ethical obligations under the American Bar Association's (ABA) Model Rule 1.6 of Professional Conduct or the ABA's Formal Opinion 10-456 because the disclosures by former counsel would be made in a setting subject to judicial supervision. Therefore, it is

ORDERED that the United States' motion for an order directing Rodriguez-Magallon's former trial counsel, William A. Delaney, to prepare an affidavit in response to Rodriguez-Magallon's motion (Docket 6) is granted. The United States will serve Mr. Delaney with this opinion together with a copy of Rodriguez-Magallon's motion to vacate, set aside, or correct his sentence.

IT IS FURTHER ORDERED that William A. Delaney will prepare an affidavit addressing Rodriguez-Magallon's claim that counsel was ineffective for failing to advise him of the immigration related consequences of a guilty plea, as required by *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010). Mr. Delaney will within 21 days following service of this order serve the government with an affidavit addressing Rodriguez-Magallon's claim. The affidavit will not reveal matters protected by attorney-client privilege other than the specific allegation contained in Rodriguez-Magallon's motion. Any documents from counsel's files that bear on this allegation should be appended to the affidavit executed by Mr. Delaney.

IT IS FURTHER ORDERED that after receiving the affidavit, the United States will immediately serve the same on Rodriguez-Magallon and provide the court with proof of service of the affidavit on him.

IT IS FURTHER ORDERED that the United States will have seven days after the affidavit is provided to file its response to Rodriguez-Magallon's motion under § 2255.

Dated October 19, 2011.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE