UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RODOLFO RODRIGUEZ-MAGALLON, | ) | Civ. 11-4036-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING |
| | ) | § 2255 PETITION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Rodolfo Rodriguez-Magallon, moves pro se to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255. Rodriguez-Magallon is incarcerated at the United States Penitentiary at Waymart, Pennsylvania. The United States moves to dismiss his motion. Because the record contradicts Rodriguez-Magallon's claim, the United States' motion to dismiss is granted, and Rodriguez-Magallon's § 2255 motion is dismissed.

**FACTS**

On August 11, 2009, a federal grand jury indicted Rodriguez-Magallon on one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. CR 09-400093, (CR Docket) 1. The court appointed William Delaney, Assistant Federal Public Defender, to represent Rodriguez-Magallon. Delaney was an experienced attorney and had been an Assistant Federal Defender since January 2001. See Docket 9, Affidavit of William Delaney. Rodriguez-Magallon made his initial appearance on August 12, 2009. CR Docket 7.

During the initial appearance hearing, Magistrate Judge John E. Simko informed Rodriguez-Magallon that if he was convicted, he would almost certainly be deported. *Id.* On September 28, 2009, Rodriguez-Magallon filed a petition to plead guilty; he entered a guilty plea to the indictment on October 13, 2009. CR Docket 19, 20. At the change of plea hearing, Magistrate Judge Simko again advised Rodriguez-Magallon that he would be deported if he entered a guilty plea to the charge. CR Docket 45, Transcript of Plea Hearing, at 22. On February 3, 2010, this court sentenced Rodriguez-Magallon to 77 months' imprisonment to be followed by two years of supervised release. CR Docket 28, 29. The Judgment and Commitment was filed on February 4, 2010. CR Docket 29.

Rodriguez-Magallon appealed and the Eighth Circuit Court of Appeals affirmed his conviction on October 21, 2010. Thus, his conviction became final on or about January 19, 2011, 90 days after the Eighth Circuit's decision. *See United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006). Rodriguez-Magallon did not petition the United States Supreme Court for a writ of certiorari. On March 28, 2011, he filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Rodriguez-Magallon claims that his attorney failed to advise him of the immigration related consequences of a guilty plea. This court ordered the United States to file a response. Docket 3. The United States requested, and

2

this court entered, an order to obtain an affidavit of Rodriguez-Magallon's

trial counsel responding to his claim. His attorney provided the affidavit.

Docket 10.

## DISCUSSION

A § 2255 motion is the "statutory analog of habeas corpus for persons

in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir.

1987). A federal prisoner may seek relief from his sentence on the grounds

that:  (1) "the sentence was imposed in violation of the Constitution or laws of

the United States," (2) "that the court was without jurisdiction to impose such

sentence," or (3) "that the sentence was otherwise subject to collateral

attack." 28 U.S.C. § 2255. A § 2255 motion may be dismissed without a

hearing if:

> (1) the petitioner's allegations, accepted as true, would not entitle
> the petitioner to relief, or (2) the allegations cannot be accepted
> as true because they are contradicted by the record, inherently
> incredible, or conclusions rather than statements of facts.

*Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (citing

*Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

Whether Rodriguez-Magallon's counsel's performance was ineffective is

determined by the two-part test set forth in *Strickland v. Washington.* 466

U.S. 668 (1984). Under *Strickland*, a petitioner must show that his trial

counsel's performance was both professionally deficient and that it prejudiced

him. *Id.* at 687. "Both parts of the *Strickland* test must be met in order for an

3

ineffective assistance of counsel claim to succeed." *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006). "[I]f an ineffectiveness claim may more easily be disposed of . . . on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

Rodriguez-Magallon asserts that he received ineffective assistance of counsel when his attorney failed to inform him of the immigration consequences of a guilty plea in violation of *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010). In *Padilla*, the United States Supreme Court recognized that "as a matter of federal law, deportation is an integral part– indeed sometimes the most important part–of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes." *Id.* at 1480. Thus, the court held that "counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 1486.

Here the record clearly contradicts Rodriguez-Magallon's claim that his attorney failed to advise him that he could be deported if he pleaded guilty. Trial counsel William Delaney submitted an affidavit in which he explained that he advised Rodriguez-Magallon "multiple times" that he was going to be deported. Docket 9, Affidavit at 2. Delaney stated that, "[i]t was always [his] policy to inform clients charged with immigration violations that they would be deported at the end of the proceedings." *Id.* Delaney also advised Rodriguez-Magallon that he was facing a substantial sentencing enhancement

under the sentencing guidelines because of his prior violent felony convictions. *Id.* Delaney's affidavit is also corroborated by Rodriguez-Magallon's responses to the trial court at the time of the initial appearance and the plea. When asked at both hearings, Rodriguez-Magallon indicated that he understood he would almost certainly be deported if he were found guilty of the offense. CR Docket 7, 45. Thus, Rodriguez-Magallon's assertion that he was not advised of the immigration consequences of a plea cannot be accepted as true because it is contradicted by the record. *See Tinajero-Ortiz*, 635 F.3d at 1106 (holding that the petitioner's claims were "contradicted by the record and inherently incredible" because the proffer letter, plea agreement, plea colloquy, and the sentencing hearing transcript refuted his claims). Thus, Rodriguez-Magallon's ineffective assistance of counsel claim fails because he cannot establish deficient performance by his attorney.

Even if Rodriguez-Magallon could somehow establish deficient performance, he could not demonstrate prejudice. Because he pleaded guilty, Rodriguez-Magallon must show that there is "a reasonable probability that, but for counsel's errors, he would not have [pleaded] guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To avoid dismissal of his § 2255 motion, Rodriguez-Magallon must present some credible, non-conclusory evidence that he would not have pleaded guilty had he been properly advised. *Engelen v. United States,* 68 F.3d 238, 241 (8th Cir.

5

1995). Rodriguez-Magallon has never contended that he would not have pleaded guilty if he had been properly advised of the deportation consequences of such a plea. Thus, he has failed to present evidence in support of his claim. *See Sanders v. United States, 341 F.3d 720*. Moreover, as discussed above, the court twice advised him of the deportation consequence of a guilty plea, and on both occasions, Rodriguez-Magallon indicated he understood the consequences. Where a district court supplies the information a prisoner alleges was omitted by trial counsel, the prisoner fails to prove prejudice under *Strickland. See Tinajero-Ortiz*, 635 F.3d at 1105. Thus, Rodriguez-Magallon's claim fails. Therefore, it is

ORDERED that the United States' motion to dismiss (Docket 14) is granted, and Rodriguez-Magallon's § 2255 motion is dismissed.

IT IS FURTHER ORDERED that Rodriguez-Magallon is notified that **he may not appeal the denial of his § 2255 motion unless he receives a certificate of appealability from this court.** In order to receive a certificate of appealability, Rodriguez-Magallon is required to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, **Rodriguez-Magallon will have 21 days to submit arguments on whether a certificate of appealability should issue. Rodriguez-Magallon is directed**

to <u>identify the issues</u> for which he seeks a certificate of appealability. Respondent will have 14 days to respond to Rodriguez-Magallon's arguments.

Dated February 14, 2012.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

7